J-S64031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CARLTON BRYANT, | |
| Appellant | No. 141 EDA 2016 |

Appeal from the PCRA Order December 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0209461-1998
CP-51-CR-0902151-1997
CP-51-CR-0902181-1997
CP-51-CR-0904981-1997

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:　　　　**FILED DECEMBER 05, 2016**

Appellant Carlton Bryant appeals *pro se* from the December 7, 2015, order entered in the Court of Common Pleas of Philadelphia County dismissing his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The relevant facts and procedural history are as follows: Appellant entered a plea of *nolo contendere* to ten counts of robbery, three counts of criminal conspiracy, and one count of carrying a firearm without a license. On November 6, 2000, the trial court imposed an aggregate sentence of 19½ to 40 years in prison, to be followed by 10 years of probation.

*Former Justice specially assigned to the Superior Court.

Appellant did not file an appeal to this Court; however, on July 27, 2001, he filed a timely *pro se* PCRA petition, and counsel was appointed. In an amended PCRA petition, counsel sought to have Appellant's direct appeal rights reinstated *nunc pro tunc* due to the ineffective assistance of trial counsel. On June 12, 2002, the PCRA court granted Appellant relief, and Appellant filed a counseled direct appeal *nunc pro tunc*. On July 23, 2004, this Court affirmed Appellant's judgment of sentence. **Commonwealth v. Bryant**, No. 3559 EDA 2003 (Pa.Super. filed 7/23/04) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On August 11, 2014, Appellant filed a *pro se* PCRA petition, which was considered to be his first PCRA petition,[1] and the PCRA court appointed Douglas Earl, Esquire, ("PCRA counsel") to represent Appellant. On July 23, 2015, PCRA counsel filed a **Turner/Finley**[2] no-merit letter and petition seeking to withdraw his representation. Therein, PCRA counsel averred that Appellant's August 11, 2014, petition was untimely filed and, alternatively,

---

[1] "This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition[.]" **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa.Super. 2013) (citations omitted).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

the issues which Appellant wished to raise lack merit. He further averred that he could not find any other issues of merit.

On October 2, 2015, the PCRA court, indicating it agreed with PCRA counsel's assessment of the case as set forth in his *Turner/Finley* no-merit letter, provided Appellant with notice of its intent to dismiss the PCRA petition without an evidentiary hearing. On October 13, 2015, Appellant filed a *pro se* response to the court's notice of dismissal arguing, *inter alia*, that PCRA counsel "misinterpreted his PCRA petition."

On December 7, 2015, the PCRA court entered an order dismissing Appellant's PCRA petition, and Appellant filed a timely *pro se* notice of appeal.[3] By order filed on January 8, 2016, the PCRA court directed Appellant to file a statement pursuant to Pa.R.A.P. 1925(b), Appellant timely complied on January 25, 2016, and the PCRA court filed a responsive Pa.R.A.P. 1925(a) opinion concluding that Appellant's PCRA petition was untimely filed.

---

[3] Upon initial review of the instant appeal, we concluded that the record failed to reveal whether the PCRA court had permitted PCRA counsel to withdraw. Accordingly, on August 23, 2016, while retaining jurisdiction, we remanded this matter to the PCRA court for a determination as to PCRA counsel's status. Upon remand, the PCRA court held a hearing at which the Commonwealth, PCRA counsel, and Appellant were present. Following the hearing, on October 31, 2016, the PCRA court filed an opinion explaining that, in its order filed on December 7, 2015, it had intended to grant PCRA counsel's petition to withdraw his representation.

- 3 -

Preliminarily, we must determine whether Appellant's instant PCRA petition was timely filed. *See Commonwealth v. Hutchins*, 760 A.2d 50 (Pa.Super. 2000). "Our standard of review of the denial of PCRA relief is clear; we are limited to determining whether the PCRA court's findings are supported by the record and without legal error." *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1170 (Pa.Super. 2008) (quotation and quotation marks omitted).

Pennsylvania law makes it clear that no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i)     the failure to raise a claim previously was the result of interference by government officials with the

- 4 -

presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;

(ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time period provide in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

"We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Moreover, "the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." *Commonwealth v. Walters*, 135 A.3d 589, 592 (Pa.Super. 2016) (citations omitted). *See* 42 Pa.C.S.A. § 9545(b)(2). "When the exception asserted is Section 9545(b)(1)(iii), the 60–day rule runs from the date of the germane decision." *Commonwealth v. Secreti*, 134 A.3d 77, 80 (Pa.Super. 2016) (citation omitted).

In the case before us, this Court affirmed Appellant's judgment of sentence on July 23, 2004, and Appellant did not file a petition for allowance

of appeal with our Supreme Court. Accordingly, his judgment of sentence became final on Monday, August 23, 2004,[4] when the thirty-day time period for filing a petition for allowance of appeal with our Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. Appellant had one year from that date, or until August 23, 2005, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b). However, Appellant did not file his instant PCRA petition until August 11, 2014, and thus, it is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1).

This does not end our inquiry, however, as Appellant alleges he is entitled to the "new constitutional right" exception based on the U.S. Supreme Court's decisions in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016), as well as the Pennsylvania Supreme Court's decision in *Commonwealth v. Dickson*, 591 Pa. 364, 918 A.2d 95 (2007).

With regard to Appellant's attempt to invoke the "new constitutional right" exception on the basis of *Alleyne*,[5] the U.S. Supreme Court filed its

---

[4] The thirtieth day fell on Sunday, August 22, 2004, thus extending the time for filing a petition for allowance of appeal to Monday, August 23, 2004. *See* 1 Pa.C.S.A. § 1908.

[5] In *Alleyne*, the U.S. Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), which
*(Footnote Continued Next Page)*

opinion on June 17, 2013; however, Appellant filed his instant PCRA petition on August 11, 2014. Thus, he did not meet his initial burden of proving he presented his claim within 60 days of when the claim first could have been presented. *See Secreti*, *supra*.

Moreover, although in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), this Court noted that *Alleyne* will be applied to cases pending on direct appeal when *Alleyne* was issued, we have declined to construe *Alleyne* as applying retroactively to cases in which the judgment of sentence has become final. As we noted in *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014):

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [an] [a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Miller*, 102 A.3d at 995 (citations omitted). Indeed, our Supreme Court recently held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d

_____
*(Footnote Continued)*

ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea.

810, 820 (2016). Accordingly, Appellant is not entitled to the "new constitutional right" exception on the basis of *Alleyne*.

With regard to Appellant's attempt to invoke the "new constitutional right" exception on the basis of *Montgomery*, which was issued on January 25, 2016, while Appellant's instant appeal was pending, we dispose of this claim by noting that *Montgomery* made *Miller v. Alabama*, 132 S.Ct. 2455 (2012), fully retroactive to cases on state collateral review. *Miller* held that it was unconstitutional to impose a mandatory term of life imprisonment without parole on juvenile homicide offenders. However, in the case *sub judice*, Appellant was neither convicted of homicide nor sentenced to a term of life in prison without parole. Thus, Appellant has not established he is entitled to relief on the basis of *Montgomery*.

Finally, with regard to Appellant's attempt to invoke the "new constitutional right" exception on the basis of *Dickson*,[6] our Supreme Court issued its decision on March 29, 2007; however, as indicated *supra*, Appellant did not file his instant PCRA petition until August 11, 2014. Thus, Appellant did not meet his initial burden of proving he presented his claim

---

[6] In *Dickson*, our Supreme Court held that the statute imposing a mandatory sentence enhancement on a person who visibly possesses a firearm or firearm replica during commission of a crime of violence does not apply to unarmed co-conspirators.

within 60 days of when the claim first could have been presented. *See Secreti*, *supra*.[7]

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/2016

---

[7] To the extent Appellant suggests his sentence is illegal, and thus not subject to the PCRA's time restrictions, we note that our Supreme Court has specifically held that "[a]lthough legality of sentence is always subject to review within the PCRA, [legality of sentencing] claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 223 (1999).